LEESBURG STATE BANK *v.* PINNER.

Partnership—Indorsement by Partner—Ratification—Bills and Notes—Liability of Partnership.

Partnership, by receiving proceeds of note indorsed before delivery in name of partnership by one partner, ratified said indorsement, and therefore both partners are liable in action on note regardless of whether partner had authority to indorse firm name.

Appeal from Wayne; Webster (Arthur), J. Submitted October 27, 1931. (Docket No. 67, Calendar No. 35,965.) Decided December 8, 1931.

Assumpsit by Leesburg State Bank, a Florida banking corporation, against Ralph F. Pinner and Raymond H. Wilcox, doing business as Pinner & Wilcox, on a promissory note. Judgment for plaintiff. Defendants appeal. Affirmed.

*Anderson, Wilcox, Lacy & Lawson (Earl L. Shimer, of counsel), for plaintiff.*

*George B. Murphy,* for defendants.

McDONALD, J. This is a suit against the indorsers on a promissory note for $1,776.96, given by C. M. Love and Eaves Allison bearing the indorsement before delivery of "Pinner and Wilcox by Ralph F. Pinner." The note represents a loan to Love and Allison which they secured from the bank to pay an existing obligation to Pinner and Wilcox. The bank was told the purpose of the loan and gave it on condition that Pinner and Wilcox would indorse the note before delivery. When such a note was presented to the bank the amount of the loan was paid to Pinner and Wilcox. On the trial judgment was entered for the plaintiff. The defendants appealed.

Pinner and Wilcox is a firm of landscape architects in the city of Detroit. It is contended that the indorsement of the firm name by Pinner was not made in the ordinary course of the partnership business; that it is not a trading or commercial partnership; that Mr. Pinner's authority to bind the other member of the firm cannot be implied; that the indorsement was made for the accommodation of Love and Allison; that the bank, having knowledge of the character of the indorsement, was bound in law to ascertain if Pinner had authority to indorse the firm name; that on the trial the bank had the burden of proving such authority and did not do so. No evidence was offered by either party on that question. It is contended that the judgment should be reversed as to the defendant Wilcox, because it was not shown that he consented to the indorsement or that Pinner had authority to sign the firm name. On the part of defendant Pinner, it is contended that if Wilcox is

discharged from liability he also must be discharged because they were joint accommodation indorsers, and the discharge of one discharges the other.

Much space is devoted in defendants' brief in an effort to convince the court that this was an accommodation indorsement. It is not necessary to decide that question in determining defendants' liability. Without disturbing the judgment, it may be conceded that it was an accommodation indorsement; that there was no implied authority on the part of Mr. Pinner to indorse the firm name, and no express authority appears in the evidence. This is because the undisputed evidence shows a ratification by the firm. The partnership received the entire amount of the loan. The president of the bank testified that he paid the money to Pinner and Wilcox. By accepting the benefits, the firm must be held to have ratified the indorsement. It is not necessary to further discuss the issue. Both parties were bound by the indorsement.

The judgment is affirmed, with costs to the plaintiff.

BUTZEL, C. J., and WIEST, CLARK, POTTER, SHARPE, NORTH, and FEAD, JJ., concurred.